## W. B. ALLEN, ETC., *v.* G. C. McGRATH.

**Husband and Wife—Separate Estate—Action of Wife May Deprive Her of the Right to Claim Against Husband's Creditors.**

Where a wife permits her husband, with her own knowledge and consent, to use her money for his own purposes and to announce to his creditors and customers by his public advertisements and in the sale of his goods that he was the owner of the establishment, she thereby deprives herself of the right to assert her claim to the property as against his creditors.

**Husband and Wife—Wife May Change Nature and Character of Separate Estate.**

There is no principle of law or equity that would prevent the wife from changing the nature and character of her separate estate, created by parol, and vesting husband with absolute title.

APPEAL FROM SHELBY CIRCUIT COURT.

October 27, 1871.

OPINION BY JUDGE PRYOR:

Mrs. Allen derived an estate from her father in land and other property valued at several thousand dollars. The real estate she disposed of in conjunction with her husband and invested a portion of the proceeds in a house and lot in Shelbyville, Ky., and the balance of the money, being about two thousand dollars, was deposited in the banking house of Edwards & Co. to the credit of Walker B. Allen, as trustee for his wife, M. I. Allen. This money was afterwards used in the purchase of a lot of goods, wares, etc., by the husband of Mrs. Allen from the appellant William B. Courtney, and the testimony of the wife

shows that the goods were hers, and held and controlled by the husband as her separate estate. Shortly after this sale by Courtney of the goods, he re-purchases them from Mrs. Allen, as is evidenced by the written contract between the parties, and made a part of this record.

The husband at the time, as the proof shows, was insolvent and had but a few months previously taken the benefits of the bankrupt law. After the purchase of the goods by Courtney, the appellees who were the creditors of the husband Walker B. Allen filed their petition in equity against Courtney and Allen, alleging that the appellant W. B. Allen had sold these goods to Courtney in contemplation of insolvency, and with the intention and design of preferring the defendant Courtney, who was a creditor, to the exclusion of his other creditors, including the appellees. They also allege that Allen's indebtedness exceeded the value of the property owned by him. Appellants answer this petition alleging that Mrs. Allen was the owner of the goods and held them as her separate estate; that they were sold by her to Courtney, and the only interest that the husband had in them was the right to control and dispose of them as the agent of his wife. The court below subjected the goods to the payment of the debts of Allen, and from this judgment Allen and Courtney prosecute this appeal, the wife of Allen not being a party to the controversy. There is no doubt but what a married woman may, with the monies arising from the proceeds of her own property, with the consent of the husband, invest it in property, to be held for her separate use. The money in this case seems to have been received by the husband as trustee of the wife, and with the intention and purpose at the time of securing it to the wife as her separate estate. The money was the proceeds of the sale of her own property, and when deposited in bank to her credit or that of the husband as trustee, and no creditor of the husband could have subjected it to the payment of his debts, she was in equity entitled to it, and there was no fraud in such a transaction upon the husband's creditors. The action of the wife, however, in regard to a separate estate thus created, may be of such a character as would deprive her of the right to assert any claim to it as against

the husband's creditors. There is no principle of law or equity that would preclude the wife from changing the nature and character of a separate estate created by parol of personal property as in this case and vesting the husband with the absolute right to it. In this case the only evidence of the existence of this separate estate, independently of the knowledge of the husband and wife on the subject, was the entry by the clerk of the bank upon his books of the money to the credit of W. B. Allen as trustee for his wife. The husband, after the alleged purchase of the goods by the wife, or by him for the wife from Courtney, made purchases in the city of Louisville for the purpose of replenishing the stock in his own name, and upon his own credit. The sign upon the door of the business house was that of W. B. Allen. All of the transactions in the sale of the goods were in his name, until the whole stock is to be disposed of, and then it is done in the name of the wife. The clerk in the store seems not to have known that the goods were Mrs. Allen's until the sale to Courtney, and no one except the husband and wife, and perhaps Courtney, knew of the existence of the separate estate upon the part of the wife in the goods that were being bought and sold every day in the name of the husband. The appellant Courtney was the endorser or liable for Allen on some debt in Louisville for about $300. Allen had also become liable to him by reason of a board bill of his, that Allen had assumed and failed to pay. He stated to others that his object in buying these goods was to secure himself in these liabilities; and there is no doubt but what this alone prompted him to make the purchase. The wife is setting up no claim to this property, except through her vendee Courtney. She has permitted her husband, with her knowledge and consent, to use this money for his own purposes and to announce to his creditors and customers by his public advertisements and in the sale of his goods that he was the owner of the establishment; and her vendee knew all these facts when he purchased, and in fact purchased from the husband, and not the wife, as the proof clearly conduces to show. If the wife desired to trade as a *feme sole,* she should have resorted to a court of equity, as provided by the statute, or if she desired to invest her separate

estate in merchandise and carry on this store, it should have been done in her own name, and then no creditor could have complained. The judgment of the court below is affirmed.

*Caldwell & Harwood, Bullock, Davis, for appellant.*

*Z. Wheat, Lindsay, for appellee.*